### CALVERT V. NEWBERGER & BRO.

1. LAWS RELATING TO PARTNERSHIP RIGHT TO SUE.

The right conferred upon a partnership formed for the purpose of carrying on a trade or business in this state, by sec. 5011, Rev. Stat., to "sue" in the "usual or ordinary name which it has assumed, or by which it is known," is not affected by the act of May 19, 1894, 91 O. L., 357, requiring partnerships to file certificates, giving names of members, unless it be shown that the persons constituting such firm have been " doing business as partners contrary to the provisions" of said act.

2. AVERMENTS OF COMPLIANCE WITH ACT UNNECESSARY.

When an action is brought by such a partnership in the firm name, under said section 5011, to show a *prima facie* right or capacity to maintain it, averments of compliance with the act of 1894 are wholly unnecessary. The limitations of section 6 of said act are in the nature of exceptions to the authority given by section 5011, and the facts, therefore, showing their application in bar, constitute and are matters of defense.

3. FAILURE OF PROOF ON UNIMPORTANT ISSUE.

When a partnership sues in the firm name, and by proper averment brings itself within sec. 5011, Rev. Stat., but also alleges compliance with the act of 1894, which is denied, mere failure of proof on that issue will not prevent recovery upon the cause of action set out, if that be duly established. Hence where, as in this case, what purported to be a certificate such as is provided for by section 7 of said act, was the only evidence on the question, whether it was rightly or wrongly admitted is unimportant, as in the latter event the error, if such there be, is not prejudicial.

4. RES ADJUDICATA—ENTRY FAILING TO CONSTITUTE

Where at the close of the plaintiff's evidence the defendant moved to take a case from the jury, and the court found the motion to be well taken, but before arresting the case, allowed the plaintiff leave to withdraw a juror, and discharged the jury; and thereupon also permitted the plaintiff to dismiss his action without prejudice, at his costs, afterward entering judgment "that said action be dismissed without prejudice to a new action," and for defendants costs, this is no bar to a later suit between the same parties on the same cause of action.

Calvert v. Newberger & Bro.

HEARD ON ERROR.

PER CURIAM (Reported by Sibley, J).

This was an action in the common pleas of Scioto county, by New-berger & Bro. as a partnership formed for the purpose of carrying on business in the state of Ohio, against Robert A. Calvert, to recover the amount of a judgment and costs before a justice of the peace for which, to stay execution, he had become surety. The petition also averred compliance with the act of May 19, 1894, 91 O. L., 357. There was a prayer for judgment, $86.75, debt, and $2.25 costs The defendant answered first, by a general denial. Next, a payment of $20 was alleged. The second defense, was a plea of *res adjudicata*. To this a general denial was made by reply. Upon issues thus joined, the case was tried to the court, a jury being waived. On the trial, to show compliance with the act of 1894, the plaintiff offered in evidence a certificate duly certified, the material parts of which are as follows:

"Certificate of Partnership.—State of Ohio, Hamilton county, ss: This is to certify that Leopold Newberger, residing at No. 725 West Ninth street, Cincinnati, Ohio; Meyer D. Newberger, residing at No. 725 West Ninth street, Cincinnati, Ohio; David M. Newberger, residing at No. 725 West Ninth street, Cincinnati, Ohio; and Sylvan Hirschberg, residing at No. 32 Moorman avenue, Cincinnati, Ohio, are interested as partners in the partnership, transacting business in this state, under the name of L. Newberger & Brother.

The principal office, or place of business of said partnership is at Nos. 225, 227 and 229 East Third street, Cincinnati, in this county.

The above are the namesi n full of all the members of said partnership and their places of residence.

Signed and acknowledged by us this 12th day of October, 1895.

LEOPOLD NEWBERGER.
MEYER D. NEWBERGER.
DAVID M. NEWBERGER.
SYLVAN HIRSCHBERG.

State of Ohio, Hamilton county, ss:

Be it Remembered, That on this 12th day of October, 1895, before me, the subscriber, a Notary Public in an for said county, personally came the above named Leopold Newberger, Meyer D. Newberger, David M. Newberger and Sylvan Hirschberg, and acknowledged the signing of the foregoing certificate.

In Testimony whereof, I have hereunto subscribed my name and affixed my official seal, on the day and year last aforesaid.

[SEAL.]                          ALFRED MACK.
Notary Public in and for Hamilton county, Ohio.

OFFICE OF CLERK OF COURTS,

CINCINNATI OHIO, November 25, 1895.

State of Ohio, Hamilton county, ss:

I, George Hobson, clerk of the court of common pleas, being a court of record within and for the county of Hamilton and state of Ohio, do hereby certify that L. Newberger & Brother, a partnership formed for the purpose of and doing business in said county, filed with me a certificate of partnership, October 29, 1895, a copy of which is hereto attached and made a part hereof, stating the names in full of all the

members of said partnership and their places of residence, and that the name of said partnership, and of each of said partners interested therein, were on the same day entered by me in my register of the names of firms, kept by me in my office, as required by law."

This, as the record shows, in which all the evidence is set out, was' received over the objection of defendant, he duly excepting, and was the only proof upon that issue.

On the question of *res adjudicata*, after showing the pendency of a former action in the same court, by the plaintiffs against him, for this same alleged liability, and that it went to trial by a jury, the defendant also put in evidence the final action in the case, as follows:

"And the plaintiff, having introduced all his evidence, and rested his case, the defendant moved the court to take the evidence from the jury, and direct a verdict for the defendant, for the reason that said evidence failed to sustain some of the material allegations of plaintiff's petition; and the court after hearing the arguments of counsel upon said motion, and being fully advised in the premises, do find that said motion is well taken, and should be sustained, and the plaintiff thereupon moved the court for leave to withdraw a juror, discharge the residue of the jury from a further consideration of the case, and dismiss said action without prejudice, at plaintiff's costs; to which motion the defendant, by his counsel, objected, and insisted on his motion, and the court, after hearing the arguments of counsel, do find that such leave should be granted to the plaintiff; to which ruling of the court, the defendant by his counsel excepted.

Thereupon, William H. Ware, Jr., one of the jurors, is withdrawn from the panel, and the residue of the jury is discharged from further consideration of the case ; and the plaintiff thereupon, with the leave of court, and against the objection of the defendant, dismissed this cause at its costs, without prejudice to a new action : to all of which action of the court, the defendant by his counsel objected, and excepted, and asked that his objections and exceptions be noted of record.

It is therefore considered by the court that said action be dismissed without prejudice to a new action, and that the defendant recover of the plaintiff his costs herein, taxed at $————, and it is further ordered that the plaintiff pay the same, and the costs by it made herein, taxed at $————, within ten (10) days or that execution issue therefor."

The finding and judgment below were for the plaintiff. To reverse these, error is prosecuted to this court. The action of the common pleas in admitting the certificate relating to the partnership, and in holding that the record in the former suit was no bar to this, are the alleged errors relied upon.

I.   Sec. 5011, Rev. Stat., provides that "a partnership formed for the purpose of carrying on a trade or business in this state,  *  *  *  may sue or be sued by the usual or ordinary name which it has assumed or by which it is know," without alleging the names of the members of the firm.

The act of May 19, 1894, to "Prohibit the use of fictitious names in partnership," by sec. 6 enacts, that after its passage and approval, "any persons doing business as partners contrary" to its provisions, "shall not maintain an action on or on account of any contracts made, or transactions had in their partnership name in any court of this state until they shall have first filed the certificate and made the publication herein required."

Calvert v. Newberger & Bro.

The contention of the plaintiff in error was (1) that averment and proof of compliance with the act of 1894 were indispensable to a recovery; and (2) that the certificate in question being the only evidence on the point, and inadmissible, because defective, regardless of the meri s of the controversy, the judgment should have been for him. But this claim is not well founded.

The broad, unlimited right to sue in the firm name, is given by sec. 5011, Rev. Stat. This must be taken, therefore, as declaration of the general policy of the law on that subject. Hence it should control in all cases unless by later provision an exception has been engrafted upon it. The act of 1894, does not qualify the right, except by the effect of acts done by the partners "contrary" to its requirements. Clearly, therefore, the authority to proceed under sec. 5011, Rev. Stat., must continue until proof of a violation of the provisions of the later act. No limitation is discoverable ·by mere inspection of the statute. It depends upon matter *in pais*, which the court can notice only when averred and proved, as the established rule is that "all persons are presumed to have duly discharged any obligation imposed on them by written or unwritten law." Best on Evidence, sec. 348. The act of 1894 then simply makes an exception to sec. 5011 Rev. Stat., based upon acts done "contrary" to its provisions. The party who would avail himself of them, therefore, in bar, should plead the facts. The same principle governs in charging offenses in indictments. As the general rule, " an exception or *proviso* which is not in the enacting clause whether in the same section or not, need not be negatived." I. Bishop's New Cr. Proced., sec. 639. And *a fortiori* this would be true, if it were in a later enactment. Nor is the result changed by the circumstance that in this case the plaintiff below needlessly averred compliance with the act of 1894. In an indictment, that might be "rejected as surplusage." I. Bishop *Supra*, sec. 640. Making an issue on the averment opened the door to evidence from both sides. But none whatever was offered, save the certificate objected to. The consequence is, that if it were properly admitted, the unnecessary averment was proved; while if it should have been rejected, and the record is to be considered with it stricken out, there is not a scintilla of evidence on that point; Hence, nothing to show a bar under the act of 1894. The form of the issue cannot be regarded as dispensing with proof of facts which must be established in order to defeat the action, and that regularly should have been averred by the defendant. As the legal presumption is that the partners had complied with their duty under the statute it is manifest that the defendant could not be aided by mere failure formally to prove a superfluous allegation of that fact. Upon this record, then, he is in this predictment: If the certificate is left in, the case on that point has informal proof against him; while if it be disregarded, because wrongly admitted, there is no evidence of the facts upon which the supposed bar depends, and so it must fail. Hence alike in either event, on this question, the finding was necessarily for the plaintiff. Consequently, whether or not the court below erred in receiving the certificate in evidence becomes wholly immaterial here, as by such error, if it intervened, the defendant was not in the slightest degree prejudiced.

II. The adjudication alleged in the second defense is not supported by the record and judgment in the former suit. However irregular or even erroneous the action of the court may have been in that case, what it in fact finally did was (1) to allow a juror to be withdrawn and the jury discharged, without taking the case from it; (2) to permit the plaintiffs to dismiss the case "without prejudice," at their costs; and (3) to enter a judgment of dismissal "without prejudice to a new action." This brings it clearly within the authority of Wanzer v. Self, 30 Ohio St., 378. In that case, as here, it was sought to make the action of the court below, in dismissing the petition "without prejudice to a future action," a decision upon the merits. But the court say: "To give it the effect of such a judgment would not only create that which does not exist, but might work a great wrong to the plaintiff by finally determining a just cause of action which the court did not adjudge against him * * *. If the judgment was erroneous, the party aggrieved might have corrected it by a proper proceeding for that purpose. But so long as that is not done * * * it must stand as it was rendered for it cannot collaterally be impeached." It also is added, as should be said here: "The judgment is an entirety, and if it has any validity it must stand as rendered. If the judgment was so far against the law that it must be regarded as void, then there was no valid judgment on the merits, and it is therefore, in legal effect no better than a judgment without prejudice." Moreover, as the Supreme Court further stated, if the "judgment pleaded in bar is not such a judgment as ought to have been or might have been rendered, but never was," still "it is the one actually rendered, which is without prejudice. Upon that judgment the party must stand, and being without prejudice to a future action, it is not a bar to the action to which it was pleaded."

The plaintiff in error, then, is in a *dilemma*. Without the record of judgment in the former action, the defense of *res adjudicata* fails; while if it be considered, either as valid or void, it operates as a judgment of dismissal, and therefore, is no bar. Consequently, there could not be error in the effect given to it by the trial court.

On these views the judgment of the common pleas was affirmed.

*N. W. Evans* and *Duncan Livingstone*, for plaintiff.

*A. H. Bannon*, for defendant.